## James' Estate

Before Van Dusen, P. J., and Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

C. *Wilfred Conard* and *George Miller, Jr.,* for exceptants.

*Martin V. Bergen,* contra.

SINKLER, J., August 19, 1937.—The facts are well and fully stated in the opinion. With the conclusion of the hearing judge we agree.

The fourth and final page of the will reads as follows: "and set my mark and seal this February 8th day of .............., A. D. 1932.

                    "ANNIE JAMES X (Seal)"

Three-quarters of an inch below the name the following appears:

"Signed by the testatrix by the hand of Jennie A. Roller ............, in the presence of the testatrix, by her direction and authority, and with the mark of the testatrix affixed thereto by herself, and thereupon published and declared by the testatrix as and for her last will and testament, in our presence, who in her presence, and in the presence of each other, and at her request, have hereunto subscribed our names as witnesses.

"JENNIE A. ROLLER
"309-4th Ave., Haddon Heights, N. J.
"LAURA GRACE HARTLEY
"4012 Ormond St., Phila., Pa.
"ELSIE RETTIG
"1730 N. 28th St., Phila., Pa."

The witness Roller wrote the name of testatrix and saw her make her mark. The witness Hartley saw nothing above "Haddon Heights, N. J.", because the page was folded when tendered to her for her signature. Neither she nor the witness Rettig saw any of the typed matter upon the page. Neither knew that the paper writing witnessed was a will. Of necessity, therefore, testatrix cannot have acknowledged in their presence that she had adopted by her mark the name there written as her own and assented to the paper writing as her will. The witnesses Hartley and Rettig not only failed to witness the actual writing of the name and affixing of the mark by decedent, they did not even behold either at the time they subscribed their names to the will. By actual measurement the nearest witness, Hartley, fell short by three inches of seeing the name and mark.

Careful consideration has been given to the record and to the briefs of argument submitted for and against the exceptions. The cases cited have been likewise carefully considered.

The manner in which a will should be executed by a person unable to sign his name through illiteracy or other cause, except the extremity of his last illness, in order

to comply with section 3 of the Wills Act of June 7, 1917, P. L. 403, is set forth by Mr. Justice Maxey in Kelly's Estate, 306 Pa. 551.

The following is a comment of the late president judge of this court, Lamorelle, upon the utterance of Mr. Justice Maxey:

"We submit, however, that the only question before the court in that case was not the order in which certain things were done, but whether there was sufficient testimony showing that the name of testatrix had been affixed by her direction and authority": Zoltek's Estate, 22 D. & C. 721, 723.

The requirements, as set forth by Mr. Justice Maxey, must be substantially complied with in order that a will of an illiterate person may be proven under the provisions of the statute. In the present case there is not even a shadow or semblance of compliance, except as to the one witness, under the circumstances related by the witnesses Hartley and Rettig.

The exceptions are dismissed, and the decree of the hearing judge is confirmed absolutely.